# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| LAURIE MARLOW, individually and on behalf of all other similarly situated current and former employees, | ) ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) | No. _____ |
| MID-SOUTH MAINTENANCE OF TENNESSEE, LLC., a Foreign For Profit Corporation, EEC ACQUISTION, LLC, d/b/a SMART CARE EQUIPMENT SOLUTIONS, a Foreign For Profit Corporation, RESTAURANT EQUIPMENT MAINTENANCE COMPANY, LLC, d/b/a REMCO, a Foreign For Profit Limited Liability Company, WILLIAM EMORY, and GARY GARRETT, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge _____  FLSA COLLECTIVE ACTION |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

Plaintiff Laurie Marlow, individually, and on behalf of all other similarly situated current and former employees, pursuant to Section 216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), brings this collective action against her employers, Mid-South Maintenance of Tennessee, LLC, EEC Acquisition, LLC, d/b/a Smart Care Equipment Solutions, Restaurant Equipment Maintenance Company, LLC, d/b/a REMCO, William Emory, and Gary Garrett (collectively "defendants"), and for her cause of action state as follows:

## PARTIES

1.     Plaintiff Laurie Marlow ("Plaintiff") resides in the Middle District of Tennessee.

2.     Defendant Mid-South Maintenance of Tennessee, LLC. ("MSM") is, upon

information and belief, a foreign for-profit corporation, organized in the State of Delaware with its principal office located at 1055 Ridgecrest Dr., Goodlettsville, TN 37072-3621. MSM may be served through its Registered Agent, C T Corporation System, 300 Montvue Rd, Knoxville, TN 37919-5546.

3.      Defendant EEC Acquisition, LLC., d/b/a Smart Care Equipment Solutions ("EEC"), is a foreign for-profit Limited Liability Company organized in the state of Delaware with its principal place of business at 101 Huntington Ave., Boston, MA 02199, and doing business in Tennessee. EEC may be served through its its Registered Agent, C T Corporation System, Inc., 1010 Dale St., N., St. Paul, MN 55117.

4.      Defendant Restaurant Equipment Maintenance Company, LLC d/b/a REMCO ("REMCO") is a foreign for-profit Limited Liability Company organized in the state of Delaware with its principal address located at 386 Wabasha St. N., St. Paul, MN 55102-2233, and doing business in Tennessee.  REMCO may be served through its Registered Agent, CT Corporation, 2 N. Jackson St., Ste 605, Montgomery, AL 36014.

5.      On information and belief, William Emory was, at all times relevant, the manager of EEC and may be served at 386 Wahasha St. N., St. Paul, Minnesota, 55102.

6.      Defendant Gary Garrett was and is, at all times relevant, the supervisor of Plaintiff and may be served at 1055 Ridgecrest Dr., Goodlettsville, TN 37072.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to this claim occurred in the Middle District of

Tennessee.

9.      Defendants EEC, MSM and REMCO are entities that operate as a single business enterprise in the Middle District of Tennessee.

10.     As described below, defendants willfully failed to pay Plaintiff the wages lawfully due her under the FLSA. Specifically, during some workweeks, Plaintiff routinely worked in excess of forty hours but defendants failed to pay her one and one-half times her regular rate for all hours worked over forty in a workweek.

## FACTUAL ALLEGATIONS

11.     At all times material to this action, defendants were an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.

12.     Plaintiff has been employed by defendants within the last three years before the filing of this lawsuit.

13.     Plaintiff is employed by defendants at the MSM facility located at 1055 Ridgecrest Dr., Goodlettsville, TN 37072.

14.     At all times material, Plaintiff has been employed as a customer care specialist and treated as an exempt employee.

15.     Plaintiff's primary duties included answering calls from customers and receiving relevant information which was passed on to the proper department for processing.

16.     At all times material, Plaintiff did not supervise any other employees.

17.     At all times material, Plaintiff's primary duty did not include the exercise of discretion and independent judgment.

18.     While Plaintiff has been employed by MSM, MSM is an "employer" of Plaintiff

as defined by Section 203(d) of the FLSA.

19.     While Plaintiff has been employed by MSM, Plaintiff is an "employee" of MSM as defined by Section 203(e)(1) of the FLSA, and has worked for MSM within the territory of the United States within three years preceding the filing of this lawsuit.

20.     While Plaintiff has been employed by MSM, Plaintiff is engaged in commerce or in the production of goods for commerce as defined in Section 203(r) and 203 (s).

21.     The overtime provisions of the FLSA set forth in Section 207 applies to MSM.

22.     While Plaintiff has been employed by EEC, EEC is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

23.     While Plaintiff has been employed by EEC, Plaintiff is an "employee" of EEC as defined by Section 203(e)(1) of the FLSA, and has worked for EEC within the territory of the United States within three years preceding the filing of this lawsuit.

24.     While Plaintiff has been employed by EEC, Plaintiff is engaged in commerce or in the production of goods for commerce as defined in Section 203(r) and 203 (s).

25.     The overtime provisions of the FLSA set forth in Section 207 applies to EEC.

26.     While Plaintiff has been employed by REMCO, REMCO is an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

27.     While Plaintiff has been employed by REMCO, Plaintiff is an "employee" of REMCO as defined by Section 203(e)(1) of the FLSA, and has worked for REMCO within the territory of the United States within three years preceding the filing of this lawsuit.

28.     While Plaintiff has been employed by REMCO, Plaintiff is engaged in commerce or in the production of goods for commerce as defined in Section 203(r) and 203 (s).

29.     The overtime provisions of the FLSA set forth in Section 207 applies to REMCO.

30.     Plaintiff regularly works five days per week.

31.     Plaintiff regularly begins working at 6:45 am and continues working until after 5 pm without an uninterrupted lunch break.

32.     During some workweeks, Plaintiff was required to answer phone calls after work and on weekends.

33.     At all times material, Defendants regularly fail to pay Plaintiff the overtime rate of one and on-half times her regular rate for all hours worked over 40 in some workweeks.

34.     At all times material, William Emory was and is the manager of EEC.

35.     At all times material, William Emory made and makes decisions with respect to day-to-day operations, hiring, firing work schedules, pay policies, and compensation. Mr. Emory was and is an employer of Plaintiff at all relevant times.

36.     At all times material, Gary Garrett has supervisory control over Plaintiff and has knowledge of the duties performed by Plaintiff, the hours worked by Plaintiff, and knowledge that Plaintiff was not paid the overtime premium for all hours worked over 40 in some workweeks. Mr. Garrett was and is an employer of Plaintiff at all relevant times.

**Count I**
**Violation of the Fair Labor Standards Act**
**Overtime Wage Violation**

37.     As a result of Defendants' failure to comply with Section 207 of the FLSA, Defendants are jointly and severally liable to Plaintiff for overtime back pay.

38.     In addition to the amount of unpaid overtime wages owed to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. Section 216(b).

39.     Plaintiff is entitled to an award of attorney's fees pursuant to 29 U.S.C. § 216(b).

## Collective Action Allegations

40.     Plaintiff is aware of other similarly situated individuals who have worked for the Defendants within the last three years and who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of court-supervised notice of the present lawsuit and the opportunity to join the lawsuit by filing a consent with the Court pursuant to Section 216(b) of the FLSA. Specifically, Plaintiff is aware of other current and former employees of Defendants Specifically, Plaintiff is aware of other current and former hourly employees of Defendants whose primary duties were non-exempt and who were not paid one and one-half times their regular hourly rate for all hours worked over 40 in a workweek.

41.     Pursuant to Section 216(b), attached hereto and filed with this Complaint as Exhibit A is a Consent to Become Party Plaintiff.

WHEREFORE, Plaintiff, pursuant to Section 216(b) of the FLSA, prays for the following relief:

a.     Designation of this cause as a collective action on behalf of the class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising putative members of the pendency of this action, permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents 29 U.S.C. § 216(b);

b.     An award of compensation for unpaid overtime compensation owed to Plaintiff and other members of the class at the applicable FLSA overtime rate of pay;

c.     An award of liquidated damages to Plaintiff and other members of the class pursuant to 29 U.S.C. § 216(b);

d.     An award of pre-judgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class pursuant to 29 U.S.C. § 216(b);

e.      A ruling that the three-year statutory period for willful violations under the FLSA shall apply;

f.      An award of reasonable attorney's fees;

g.      An award of the costs and expenses of this action; and

h.      Such other, further general legal and equitable relief to which Plaintiff may be entitled.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a Trial by Jury on all issues so triable.

Respectfully submitted,

/s/ Randall W. Burton
Randall W. Burton, #15393
Law Office of Randall Burton
1222 16th Avenue, South
Suite 23
Nashville, Tennessee 37212
(615) 620-5838
randallwburton@gmail.com

/s/ Roland Mumford
Roland Mumford, 026495
Attorney At Law
242 W. Main Street
No. 223
Hendersonville, TN 37075
615.348.0070. Phone
615.246.4110 Facsimile
roland@mumfordlaw.net

*Counsel for Plaintiff*