IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURIE MARLOW, *individually and on behalf of all other similarly situated individuals*,<br><br>    Plaintiff,<br><br>v.<br><br>MID-SOUTH MAINTENANCE OF TENNESSEE, LLC, et al.<br><br>    Defendants. | NO. 3:20-cv-00711<br>JUDGE RICHARDSON |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiffs' Motion for Conditional Certification of this case as a Collective Action. (Doc. No. 27, "Motion"). Defendant responded in opposition (Doc. No. 30), and Plaintiffs replied (Doc. No. 33). The Motion is ripe for review.

For the reasons discussed below, Plaintiffs' Motion will be denied.

### **BACKGROUND**[1]

---

[1] Unless otherwise noted, the facts set forth in this section are allegations taken from Plaintiff's First Amended Complaint (Doc. No. 22) and the two declarations attached to the Motion. The Amended Complaint is the operative complaint in this matter. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). At the conditional certification stage, the black-letter rule is that "the court accepts as true the plaintiff's allegations[.]" *Jones v. H&J Restaurants, LLC*, No. 5:19-CV-105-TBR, 2020 WL 759901, at *2 (W.D. Ky. Feb. 14, 2020) (quoting *Dominguez v. Don Pedro Rest.*, No. 2:06 cv 241, 2007 WL 271567, at *2 (N.D. Ind. Jan. 25, 2007)). But the Sixth Circuit has explained (and the Court discusses further below) that plaintiffs seeking conditional certification are required to make a "modest factual showing." *See, e.g., Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "Although some district courts have not required plaintiffs to present additional factual support beyond his or her own allegations at the conditional certification stage, . . . . [t]he requirement of a 'modest factual showing' necessarily requires some factual showing. Axiomatically, allegations do not meet the definition of a 'showing.'" *Tyler v. Taco Bell Corp.*, No. 215CV02084JPMCGC, 2016 WL 3162145, at *4 (W.D. Tenn. June 3, 2016) (internal citations and emphasis omitted). So allegations alone, no matter how dispositive on the issue they would be if true, do not suffice to make the required

1

Plaintiff Marlow claims that Defendants have failed to comply with the Fair Labor Standards Act ("FLSA") and have not provided her pay (at time-and-a-half) for overtime work to which she is entitled. (Doc. No. 22). Plaintiff claims that she was classified as an exempt employee under the FLSA, when actually she should have been classified as non-exempt employee and therefore entitled to overtime pay.[2] (Doc. No. 22 at ¶¶ 12, 31, 33, 52; Doc. No. 27 at 10). Defendant

---

"showing." In this sense, the black-letter rule that allegations are accepted as true appears to be in conflict with Sixth Circuit law, raising the question of what (if any) allegations can be accepted as true by this Court for purposes of the Motion. For purposes of the instant Motion, it suffices to say that the Court is not accepting the material and disputed allegations of Plaintiff as true merely because they have been alleged. As for the allegations presented in this section in particular, they are used to lay out the background of this lawsuit and generally are supported by Plaintiff's evidence and/or not in dispute.

The Court further notes that "when determining whether Plaintiff has met [her] evidentiary burden, a court does not resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations at this first stage." *Turner v. Utiliquest, LLC*, No. 3:18-CV-00294, 2019 WL 7461197, at *3 (M.D. Tenn. July 16, 2019) (citing *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1072 (M. D. Tenn. 2015)). Thus, to the extent that Plaintiff's showing supports the existence of certain facts or circumstances, the Court cannot rule against Plaintiff on the ground that those facts and circumstances actually do not exist; that is, it generally accepts as true the testimony set forth in Plaintiff's declarations to the extent it is admissible under the Federal Rules of Evidence and not inherently incredible.

[2] Plaintiff does not clearly make this claim in her Amended Complaint, but she argues in her Memorandum in Support of the Motion that "[t]he dispatchers were subjected to the same policy and pay plan as Plaintiff and Howerton, who were both classified as exempt by Defendants despite the fact their duties do not satisfy either the administrative or executive exemptions." (Doc. No. 27 at 10).

The classification of an employee, as exempt or non-exempt, affects whether the employee is entitled to overtime wages under the FLSA:

> The FLSA requires covered employers to pay their employees overtime wages, at the rate of time and a half, for hours in excess of 40 hours worked in a single week. 29 U.S.C. § 207. However, the FLSA exempts from these overtime requirements persons who are "employed in a bona fide executive, administrative, or professional capacity . . . (as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor] )." 29 U.S.C.A. § 213(a)(1) (West 2011). This exemption is narrowly construed and the burden rests on the employer to show that the employees are properly classified as exempt. *Hoffmann v. Sbarro,*

Mid-South is a restaurant equipment repair company that operates in Nashville, Tennessee. (Doc. No. 27-1 at ¶ 3). The company provides commercial kitchen equipment services, HVAC repair, and maintenance services (such as plumbing, electrical, and facility maintenance). (*Id.*).

The Complaint asserts a single count for violation of the overtime provision of the FLSA. Via the Motion, Plaintiff seeks to conditionally certify a class of allegedly similarly situated workers also denied overtime wages under the FLSA. In support of the Motion, Plaintiff filed two declarations: one from Plaintiff Marlow, and one from Opt-In Plaintiff Howerton. Plaintiff asks the Court (1) to conditionally certify this case as a FLSA collective action under 29 U.S.C. § 216(b) on behalf of similarly situated employees; (2) to require Defendant to identify all putative FLSA Collective members by providing a list of names and contact information within ten days of the Court's decision; (3) to allow for posted notice in breakrooms and disseminated notice with paychecks, and (4) to order the parties to meet and confer to decide on an agreed Notice and Consent to Join (Doc. No. 27 at 1).

In support of its opposition, Defendants filed several declarations and documents.

## LEGAL STANDARD

A. <u>Conditional Certification</u>

---

*Inc.*, 982 F. Supp. 249, 250 (S.D.N.Y.1997) (citing *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir.1991)).

> The regulations promulgated by the United States Department of Labor pursuant to the FLSA define an "employee employed in a bona fide executive capacity" as any employee who receives a salary of [$]455 or more per week; whose "primary duty" is managerial; who "customarily and regularly directs the work of two or more other employees;" and who has the authority to hire and fire or whose suggestions regarding hiring, firing, and promotion decisions "are given particular weight." 29 C.F.R. §§ 541.100(a)(1)-(3) (2011).

*Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10 CIV. 8820 LTS THK, 2011 WL 2693712, at *1 (S.D.N.Y. July 11, 2011).

The FLSA provides that a collective action may be maintained against any employer by one or more employees for and on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b). Because the FLSA requires only that employees be similarly situated, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016). Also, unlike class actions under Federal Rule of Civil Procedure 23, FLSA collective actions require a similarly situated employee to "opt-in" in order to participate as a plaintiff. 29 U.S.C. § 216(b).

Typically, courts employ a two-phase inquiry to address whether the named plaintiffs are similarly situated to the employees they seek to represent. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Id.* at 546 (internal quotation marks omitted).

At the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Benson v. Asurion Corp.*, Case No. 3:10-cv-526, 2010 WL 4922704, at *2 (M.D. Tenn. Nov. 29, 2010). Conditional certification requires only a modest factual showing, and district courts should use a fairly lenient standard that typically results in certification. *Comer*, 454 F.3d at 547. At the first stage, the court does not resolve factual disputes, decide substantive issues related to the merits of the case, or make credibility determinations. *Roberts v. Corr. Corp. of Am.*, Case No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. June 25, 2015).

4

Although the required factual showing is "modest," it cannot be satisfied simply by unsupported assertions. *Medley v. Southern Health Partners, Inc.*, Case No. 1:17-cv-00003, 2017 WL 3485641, at * 5 (M.D. Tenn. Aug. 15, 2017). In other words, conclusory allegations are insufficient to support conditional certification. *Arrington v. Michigan Bell Tel. Co.*, No. 10-10975, 2011 WL 3319691, at * 4 (E.D. Mich. Aug. 1, 2011) (citing 7B Wright, Miller & Kane, Federal Practice & Procedure § 1807 (3d ed. 2005) at 490-91). This is true even if the conclusory allegations are asserted not merely in a complaint, but rather in a (sworn) plaintiff's declaration. *See McKinstry v. Dev. Essential Servs., Inc.*, No. 2:16-cv-12565, 2017 WL 815666, at * 2 (E.D. Mich. Mar. 2, 2017) (noting that *Arrington*'s rule applies even to assertions made in a declaration). The named plaintiff must present some factual support for the existence of a class-wide policy or practice that violates the FLSA. *Medley*, 2017 WL 3485641, at *5. A plaintiff must submit evidence establishing at least a colorable basis for her claim that a class of similarly situated plaintiffs exists. *Id.*; *Swinney v. Amcomm Telecom., Inc.*, No. 12-12925, 2013 WL 28063, at *5 (E.D. Mich. Jan. 2, 2013). At the first stage, a plaintiff must present substantial allegations supported by declarations; if the plaintiff meets that burden, a court, in its discretion, may conditionally certify the case as a collective action. *Medley*, 2017 WL 3485641, at *5.

"[T]he certification is conditional and by no means final." *Comer*, 454 F.3d at 546. After discovery, the defendant may move for decertification of the conditional class, which triggers the second phase of the court's review. *See O'Brien*, 575 F.3d at 583. At this second stage, the court has access to more information and employs a "stricter standard" in deciding whether class members are, in fact, similarly situated. *Comer*, 454 F.3d at 547.

B. <u>Similarly Situated</u>

Although the FLSA does not define the term "similarly situated," the Sixth Circuit has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. Employees also may be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Indeed, "[s]howing a 'unified policy' of violations is not required." *Id.* at 584.

As noted above, to obtain conditional certification, a plaintiff must submit evidence establishing at least a colorable basis for her claim that a class of similarly situated plaintiffs exists. *Swinney*, 2013 WL 28063, at * 5; *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 WL 4013167, at * 5 (S.D. Ohio Aug. 6, 2013). Certification at the first (or "notice") stage, although governed by a lenient standard, is not automatic. *Harriel v. Wal-Mart Stores, Inc.*, Civil Action No. 11-2510, 2012 WL 2878078, at *4 (D.N.J. July 13, 2012). "A plaintiff must show a 'factual nexus' between his or her situation and the situation of other current and former employees sufficient to determine that they are similarly situated." *Id.*

A court in this Circuit has explained the additional challenges a plaintiff faces in showing he or she is similarly situated to the members of a putative class in cases claiming that an employer has mislabeled employees as exempt or nonexempt:

> Many courts agree that it is not enough, even at the notice stage, to allege lead and opt-in plaintiffs are similarly situated simply because of the defendant's common scheme to misclassify them as exempt. *See Vasquez*, 2011 WL 2693712, at *4 (a named plaintiff is not similarly situated to a proposed plaintiff simply because she shares exempt status); *Morisky*, 111 F. Supp. 2d at 498 (denying conditional collective action certification where the plaintiffs made no showing that the job responsibilities of the named plaintiffs were the same or similar to those of the remaining members of the proposed class, or that the opt-in plaintiffs could be properly classified as non-exempt and where the only common thread was the

6

defendant's classification of plaintiffs and proposed plaintiffs as exempt under the FLSA).

An Arizona district court explained the reason for this:

> As a matter of both sound public policy and basic common sense, the mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as "similarly situated" for § 216(b) purposes. If it were, in every instance where an employer is accused of misclassifying a large group of employees, the district court would then somehow be required to order collective action notification, irrespective of the quality and quantity of evidence that had been produced in the form of declarations and supporting exhibits. Such a rule would run counter to the long established law governing § 216(b) actions, which states that whether an employee has been properly exempted under the FLSA necessitates a fact specific inquiry.

*Colson v. Avnet, Inc.*, 687 F.Supp.2d 914, 927 (D.Ariz.2010).

In misclassification cases, " 'similarly situated' must be analyzed in terms of the nature of the job duties performed by each class member, as the ultimate issue to be determined is whether each employee was properly classified as exempt." *Id.*; *accord Morisky*, 111 F.Supp.2d at 498. Entitlement to compensation depends on an individual, fact-specific, case-by-case analysis of each employee's job duties under the relevant statutory exemption. *Colson*, 687 F.Supp.2d at 927. A collective action is only appropriate where the plaintiffs make a modest factual showing that the nature of the work performed by all class members is at least similar to their own. *Morisky*, 111 F.Supp.2d at 498; *see also Myers*, 624 F.3d at 555 ("In a FLSA exemption case, plaintiffs [meet their burden at the first stage] by making some showing that 'there are other employees who are similarly situated with respect to their job requirements and with regard to their pay provisions,' on which the criteria for many FLSA exemptions are based, who are classified as exempt pursuant to a common policy or scheme." (quoting *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir.2008))); *Prater*, 2007 WL 4146714, at *7 ("Collective action treatment is proper for misclassification claims when the employees have essentially the same basic job responsibilities.").

*Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362, at *9–10 (E.D. Mich. Mar. 23, 2012).

## ANALYSIS

The Motion involves the first (notice) stage, inasmuch as it seeks only conditional, not final, certification. The proposed class (which is sometimes referred to as a "collective" in

7

situations involving a collective action under the FLSA rather than a class action under Federal Rule of Civil Procedure 23)[3] comprises:

> all current and former employees of Mid-South Maintenance of Tennessee, LLC (Mid-South) who worked as dispatchers at the Mid-South facility in Goodlettsville, Tennessee within the last three years.

(Doc. No. 27 at 1).

In her declaration, Plaintiff Marlow states that she was employed by Defendant Mid-South in 2016.[4] (Doc. No. 27-1 at ¶ 2). She started with the company as an Account Sales Representative, before moving into the position of Customer Care Specialist, her present position. (*Id.* at ¶ 4). Plaintiff Marlow regularly works Monday through Friday from 7 a.m. until 5 p.m. without a lunch break. (*Id.* at ¶ 7). Plaintiff Marlow answers calls from customers before and after work hours, as well as on the weekends. (*Id.*). If a customer calls with an issue, Plaintiff Marlow puts the information in the system and creates a service ticket. (*Id.* at ¶ 7). If a technician determines that parts are needed, Plaintiff Marlow uploads the information into the system. (*Id.*). If a customer calls requesting new equipment, Plaintiff Marlow gets a quote approved and forwards it to dispatch. (*Id.* at ¶ 8). Plaintiff Marlow adds each quote to a spreadsheet, where she tracks the progress of the quotes and sends completed quotes to the billing department at the end of the month. (*Id.* at ¶¶ 10, 11). Plaintiff Marlow also receives, sorts, and forwards emails for Defendant Mid-South and two other affiliated companies. (*Id.* at ¶ 12). Plaintiff Marlow scans documents that need to be added to a customer's file. (*Id.* at ¶ 13). In the case of a new client, Plaintiff Marlow

---

[3] Further on the issue of terminology, the Court also notes that potential (a/k/a "putative") *class* (or collective) *members* are sometimes referred to alternatively as potential *plaintiffs*, since any class member opting in becomes an opt-in plaintiff.

[4] As discussed in footnote 1, the Court generally (and except as indicated herein) takes the statements in Plaintiff Marlow and Opt-In Plaintiff Howerton's declarations as true for purposes of ruling on this Motion.

opens a new file, sends a packet of information, and sends the customer's credit card information to Accounts Receivable. (*Id.* at ¶ 14). Plaintiff Marlow does not make decisions, have a position of authority, tell customers what their course of action should be, or negotiate prices. (*Id.* at ¶¶ 16-18). Plaintiff Marlow states (but the Court does not treat as either true or untrue, given that the statement is wholly conclusory and made without any indication of her basis of knowledge) that she is "aware of other current and former employees who worked more than 40 hours in a workweek but were not paid overtime pay for all hours worked over 40 hours." (*Id.* at ¶ 19).

As stated in her declaration, Opt-In Plaintiff Howerton worked as a dispatcher for Defendant Mid-South until 2019. (Doc. No. 27-2 at ¶¶ 2, 4). She answered customer calls and took down information from customers regarding repairs, new equipment, or other issues. (*Id.* at ¶ 6). She would enter the information into a computer system, which would generate a "work order." (*Id.* at ¶ 7). She would close out work orders by sending the work order to the billing department and rescheduling the return for repair. (*Id.* at ¶ 8). Plaintiff Howerton did not have the authority to negotiate or set prices, supervise other employees, or hire and fire other employees. (*Id.* at ¶¶ 10-13). And in the last paragraph of her declaration, she states (but the Court does not treat as either true or untrue, given that the statement is wholly conclusory and made without any indication of her basis of knowledge) that:

> I am aware of other current and former employees who worked more than 40 hours in a workweek but were not paid overtime pay for all hours worked over 40 hours. These current and former employees worked with me in the Dispatch department and would benefit from being notified about this lawsuit and who will not otherwise receive notice and the opportunity to obtain compensation for unpaid overtime.

(*Id.* at ¶ 14).

Defendants argue that Plaintiff Marlow has failed to show that she is similarly situated to the employees in the dispatch department. Plaintiff Marlow states that she is "aware" of other

9

employees who work more than 40 hours a week without overtime.[5] She provides no evidence to support her awareness or to explain how she is aware of other employees facing the same overtime situation. Opt-In Plaintiff Howerton's declaration is similar, stating that she is "aware" of other employees who worked more than 40 hours a week, but she (unlike Plaintiff Marlow) additionally notes that these other employees worked with her in the dispatch department.

The Court has previously faced a similar argument when a plaintiff submitted a single declaration stating a general "awareness" of other employees' situations, and the Court found that conditional class certification was not warranted:

> The only facts Plaintiff asserts with regard to the allegedly similarly situated employees . . . is the following: "I am aware of other caregivers who worked for Defendants within the last three years who worked more than 40 hours in a workweek and who were subjected to the same wage policy, and who were not paid one and one-half times their regular rate of pay for all hours worked over 40 hours in some workweeks."
>
> Plaintiff has failed to allege facts to show anything beyond how the alleged pay policy was applied to and affected her. She has not alleged facts, as opposed to conclusory allegations, to show that the policy she contends was applied to her was either company-wide or affected other employees. She has not supported her "awareness" of the situations of other caregivers with anything more than the statement itself. *See Arrington*, 2011 WL3319691, at * 5. She has not demonstrated that she has personal knowledge about or has personally observed these other employees, or that her "awareness" is based on first-hand experience. In other words, these are mere conclusory allegations which, as noted above, are insufficient even when set forth in a (sworn) declaration. And even if Plaintiff's conclusory allegations were entitled to some weight, they would be underwhelming and (although the Court need not decide) arguably insufficient to carry even her modest burden, because they come from only Plaintiff and no other employees.
>
> In *O'Neal*, the court found that none of the plaintiff's three affiants attested to personally observing any other employee work more than his or her contracted number of hours or more than forty hours per week; none of the affiants averred that he or she spoke to any other employee about hours worked or compensation; and none of the affiants claimed to have discussed these matters in any way with any other employee. *O'Neal*, 2013 WL 4013167, at * 9. Therefore, the court held

---

[5] The Court notes that the Amended Complaint contains an allegation almost identical to what is contained in the two declarations. (Doc. No. 52 at ¶ 52).

that the statements provided in support of the plaintiff's motion for conditional certification did not include facts from which the court could draw an inference that the other workers were similarly-situated. *Id.* at * 10.

Similarly, in *Shipes v. Amurcon Corp.*, No. 10-14943, 2012 WL 995362 (E.D. Mich. Mar. 23, 2012), the court found that the plaintiff had provided nothing more than mere allegations that she and others like her were improperly classified. The Court stated that it was mindful that the plaintiff's burden at that stage was not stringent, but "certification is by no means automatic." *Id.* at *10. "These allegations lack factual support (such as written policies and emails that support a class of hourly, non-exempt plaintiffs) and are not enough to meet her burden at this stage." *Id.* There, as here, the plaintiff's affidavit suggested that she may have been subjected to FLSA-violating practices, but standing alone, the affidavit did not establish a right to proceed collectively. *Id.*

Although affidavits in support of motions for conditional certification need not meet all evidentiary standards for admissibility at trial, they must meet some standards. *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 369 (E.D. Tenn. 2006). Affidavits submitted at the notice stage must be based on the personal knowledge of the affiant. *Id.* "If the Court were to conclude otherwise, affidavits submitted would not be any more probative than the bare allegations in the complaint, and the requirement of factual support would be superfluous." *Id.*; *Smith v. Maco Mgmt. Co., Inc.*, No. 2:18-cv-00082, 2019 WL 1437927, at * 4 (M.D. Tenn. Apr. 1, 2019). It is for this reason that, as touched on above, conclusory allegations in a plaintiff's declaration (like conclusory allegations set forth in a complaint) fail to support conditional certification. *See McKinstry*, 2017 WL 815666, at * 2 (noting that the plaintiff's declaration would have been insufficient if it "merely asserted a belief that other employees were subject to the same policy that denied her overtime compensation").

Plaintiff also has not alleged any facts based on personal knowledge to show that other hourly employees were paid under the same circumstances as she. For example, Plaintiff alleges that she first worked for Defendants as an independent contractor and was then offered the choice of either receiving a bonus for each hour worked or remaining an independent contractor. She asserts that she chose to receive the hourly bonus and Defendants failed to include that bonus in calculating her overtime pay. *Id.* She contends, in support of her motion, that when Defendants promised to pay her that bonus, they "abandoned their discretion" to pay it, and the non-discretionary bonus should have been included in her regular rate of pay. But she has not presented evidence, or even baldly alleged facts, to show that any other employee had the same arrangement with Defendants for a "non-discretionary" bonus payment that was excluded from his or her regular rate of pay.

Plaintiff states that there is no requirement that putative plaintiffs be identified by name in a request for conditional certification. Even so, Plaintiff's required factual showing cannot be satisfied simply by unsupported assertions.

11

> *Medley*, 2017 WL 3485641, at * 5. The named plaintiff must allege some factual support for the existence of a class-wide policy or practice that violates the FLSA. *Id.* Plaintiff has provided only conclusory allegations and offered only her own declaration in support of her motion. While, as other courts have noted, numbers are not dispositive, they are a factor, and Plaintiff's declaration, "as it stands, with no other evidence, is insufficient." *Swinney*, 2013 WL 28063, at * 8.
>
> The Court finds that Plaintiff has not carried her burden to show that she and the members of the purported class are similarly situated. Her declaration presents allegations sufficient to indicate a problem as to her own situation, but Plaintiff has not alleged sufficient facts pointing to similarly situated employees who were subject to a single, common, company-wide, FLSA-violating practice or policy for purposes of conditional certification. Even under the lenient standard requiring a plaintiff to make only a "modest" showing of a "factual nexus," conditional certification must be denied. *See Harriel*, 2012 WL 2878078, at * 4.

*Powers v. Blessed HomeCare, LLC*, No. 3:18-CV-01029, 2019 WL 4450514, at *3–5 (M.D. Tenn. Sept. 17, 2019). In *Powers*, the Court further explained in a footnote:

> Although this Court has held that "personal observations" of other employees and conversations had or overheard at work can be sufficient to demonstrate personal knowledge of the situations of other employees, *Burgess v. Wesley Fin. Grp, LLC*, Case No. 3:16-cv-1655, 2017 WL 1021294, at * 4 (M.D. Tenn. Mar. 16, 2017), Plaintiff has alleged nothing to provide factual support or to show that she made personal observations or otherwise has personal knowledge concerning how the alleged pay policy was applied to other caregivers.

*Id.* at *3 n. 4.

In her Reply, Plaintiff makes much of the fact that Opt-In Plaintiff Howerton worked with the other employees in the dispatch department, a fact that Plaintiff claims distinguishes these declarations from the one *Powers*. Plaintiff characterizes what the last paragraph of Opt-In Plaintiff Howerton's declaration (quoted in full above) does and draws conclusions from that paragraph's content, explaining that:

> Howerton identifies other Dispatch employees who were subjected to a common pay policy. These current and former employees worked with directly with her [sic], unlike the plaintiff in *Powers v. Blessed HomeCare*, 2019 WL 4450514. In *Powers*, the court found that the plaintiff did not "allege any facts based on personal knowledge to show that other hourly employees were paid under the same circumstances as her." *Powers*, 2019WL 4450514, at *7 (M.D. Tenn. Sept. 17,

12

> 2019) . . . Here, Marlow and Howerton worked in the same location, and Howerton worked with and observed the other dispatchers.

(Doc. No. 33 at 2 (internal citations to the record omitted)).

Plaintiff's attempts to anchor her similarly situated argument on the last paragraph of Opt-In Plaintiff Howerton's declaration fail for several reasons. That paragraph did not identify any other dispatch employees (beyond calling them, generically, "current and former employees [who] worked with me in the Dispatch department"), did not specifically argue that they were subject to a common pay policy (other than generally stating that she believed they were not paid overtime pay for all hours worked over 40 hours), and did not indicate in any way that Opt-In Plaintiff Howerton actually "observed" these other employees or knew somehow of their pay arrangements. (Doc. No. 27-2 at ¶ 14). Finally, the quote from *Powers* that Plaintiff uses to support her position actually cuts against her. As in *Powers*, Opt-In Plaintiff Howerton has not alleged any facts or personal knowledge to show that other hourly employees were paid under the same circumstances as she was. All she has alleged is a general "awareness" of other employees in her department and that they also were not paid for overtime (without even alleging that there was a common policy, as was stated in the declaration in *Powers*).

In addition to noting that the declarations assert only an "awareness" of other potential plaintiffs, Defendants point the Court to several other issues that indicate that the declarations are insufficient in a case (like the instant one) where the plaintiff alleges that other employees were similarly mislabeled as exempt/non-exempt under the FLSA: Opt-In Plaintiff Howerton does not state whether she was paid on a salary basis or whether she was paid overtime; neither Plaintiff Marlow or Opt-In Plaintiff Howerton identifies the positions (or the job duties) of the other employees to whom they refer; and Plaintiff Marlow and Opt-In Plaintiff Howerton each had a job title different from the other's and have alleged few facts showing that their jobs were similar,

beyond alleging that each job involved talking to customers on the phone. (Doc. No. 30 at 7-8); *Shipes*, 2012 WL 995362, at *9–10.

For the reasons discussed herein, the Court finds that Plaintiff Marlow and Opt-In Plaintiff Howerton's declarations are insufficient to support a finding that they are similarly situated to employees that would comprise the putative class.[6] Thus, the Motion will be denied.[7] Because each side has requested that any denial be without prejudice, (Doc. No. 30 at 10, Doc. No. 33 at 2), the denial will be without prejudice to filing another such motion after completion of additional discovery. But as a prerequisite to filing another such motion, the Court expects Plaintiff to file a concise motion requesting leave to do so, explaining what has changed such that Plaintiff should be permitted a second bite at the proverbial apple and also stating whether Defendant opposes the *filing of* such motion (as distinguished from opposing the *relief requested in* such motion).

## CONCLUSION

---

[6] Defendants also argue that even if Plaintiff Marlow had provided more information to the Court, she still would have been incapable of satisfying the similarly situated requirement. (Doc. No. 30 at 8-10). In support of this contention, Defendants have submitted job descriptions for both Plaintiff Marlow and Opt-In Plaintiff Howerton, and they argue that the actual duties of Plaintiff Marlow are not similar to the dispatch department. (*Id.*). As the Court has found the Motion insufficiently supported, the Court will not further analyze the similarity of the jobs or what Plaintiff Marlow could hypothetically have said or not said about her job description and actual duties.

[7] Neither party has addressed what Opt-In Plaintiff Howerton's status would be in the event of denial of the Motion. At this juncture, the Court concludes that Opt-In Plaintiff Howerton will remain as an Opt-In Plaintiff in this action despite the denial of the Motion. *Smith v. Guidant Glob. Inc.*, No. 19-CV-12318, 2020 WL 6793330, at *3 (E.D. Mich. Nov. 19, 2020) (noting the district court's discretion to not dismiss an opt-in plaintiff when denying without prejudice a motion to certify a conditional class under the FLSA). The Court would revisit the question of whether Opt-In Plaintiff Howerton should be dismissed upon any denial with prejudice of a subsequent motion to certify a conditional class action under the FLSA or upon a proper motion from Defendants asking the Court to revisit this question.

For the foregoing reasons, Plaintiffs' Motion for Conditional Class Certification (Doc. No. 27) will be DENIED without prejudice.

An appropriate order will be entered.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE