UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAURIE MARLOW, ) | |
| ) | |
|    Plaintiff ) | |
| and ) | |
| ) | |
| CAROLYN HOWERTON[1] ) | |
| ) | |
|    Opt-In Plaintiff ) | |
| ) | |
| vs. ) | No. 3:20-cv-00711 |
| ) | |
| MID-SOUTH MAINTENANCE OF ) | |
| TENNESSEE, LLC., et al., ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
|    Defendants. ) | |
| ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND MEMORANDUM IN SUPPORT

Plaintiff Laurie Marlow ("Marlow") and Opt-In Plaintiff Carolyn Howerton ("Howerton") and Defendants Mid-South Maintenance of Tennessee, LLC ("Mid-South"), Gary Garrett, and Restaurant Equipment Maintenance Company, LLC ("REMCO") (together, "Defendants") move the Court pursuant to 29 U.S.C. 216 to approve the Settlement Agreement reached in the captioned matter.

In support of this motion, the parties state as follows:

1.    Marlow filed this action on August 20, 2020 (the "Lawsuit") alleging that Defendants failed to pay her overtime compensation in violation of the Fair Labor Standards Act,

---

[1] This caption follows the caption provided in the Second Case Management Order, filed April 29, 2021. There, Magistrate Judge Holmes set forth the revised caption based on the Memorandum Opinion of the Court entered on March 16, 2021, and directed the Clerk of Court to add Carolyn Howerton to the docket with a designation of "Opt-In Plaintiff."

1

29 U.S.C. § 201, *et seq.* ("FLSA"). (Doc. 1.). Marlow brought this claim on her own behalf as well as on behalf of any similarly situated employees of Defendants. Defendants deny all of Marlow's allegations, and deny that all of the named individual defendants are individually liable under the FLSA. (Doc. 6.).

2. On October 21, 2020, Howerton opted in as a plaintiff.

3. The parties have a *bona fide* dispute over the liability, if any, of Defendants and any amounts Plaintiffs would be owed.

4. The Parties have reached a resolution of all claims between them, the terms of which have now been formalized in the Settlement and General Release Agreement ("Settlement Agreement") attached as **Exhibit 1**.

5. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, in the "context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which may enter a stipulated judgment after scrutinizing the terms of the settlement for fairness. 679 F.2d 1350, 1353 (11th Cir. 1982). The parties request the Court to review and approve their settlement under the procedures set forth in *Lynn's Food Stores* and the FLSA.

6. The Parties agree this case involves disputed issues regarding whether Plaintiffs were properly classified as exempt under the FLSA or were entitled to overtime and were properly compensated for straight time and overtime worked. The parties, through counsel, have after substantial discovery discussed the allegations and evaluated the validity and breadth of Plaintiffs' claims and Defendants' defenses.

7. Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit, and, after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, Plaintiffs believe that the settlement as provided in this Settlement Agreement is in their best interests and represents a fair, reasonable, and adequate resolution of their FLSA overtime claims.

8. All Defendants deny liability or wrongdoing of any kind associated with Plaintiffs' claims.

9. A *bona fide* dispute exists between the parties not only as to the relevant facts but also as to the legal merits of Plaintiffs' claims. The parties have independently determined, however, that continued litigation would be protracted, expensive, uncertain, and contrary to their respective best interests. In light of these realities, the parties believe that the Settlement Agreement is the best way to resolve the dispute between and among them.

10. Under the terms of the parties' settlement agreement, Defendants have agreed to pay a total of $58,000 to Plaintiffs and Plaintiffs' counsel. Of that amount, Marlow will receive $25,800.00, of which $12,900 will be designated as gross back wages and $12,900 will be designated as liquidated damages. Howerton will receive $8,600.00, of which $4,300 will be designated as gross back wages and $4,300 will be designated as liquidated damages. Plaintiffs' counsel will receive $23,600.00 for attorney fees and expenses. Plaintiffs and their counsel submit the fee requested is fair and reasonable given the overall result and the substantial risks of this litigation. The parties agree that the economic terms related to the matter reflect a fair and reasonable method to resolve their dispute.

11. The parties agree that the Settlement Agreement is fair and respectfully move the Court to grant the Joint Motion for Order Approving Settlement. Further, the Parties have resolved

all claims at issue in the Lawsuit and thus, respectfully move the Court to dismiss the Lawsuit with prejudice.

## CONCLUSION

Based on the foregoing, the Parties request the Court approve the Settlement Agreement and thereafter dismiss this action with prejudice.

**APPROVED FOR ENTRY** this 20th day of December, 2021:


*/s/ Kristy L. Albrecht*
Kristy L. Albrecht (N.D. Bar No. 05540)
Fredrikson and Byron, P.A.
51 Broadway, Suite 400
Fargo, ND 58102-4991
701-237-8200
*kalbrecht@fredlaw.com*

Robert E. Boston (TN Bar No. 009744)
Waller Lansden Dortch & David, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219-8966
615-244-6380
*bob.boston@wallerlaw.com*

Joseph M. Sokolowski (MN #0178366)
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
612-492-7714
*jsokolowski@fredlaw.com*

**Attorneys for Defendants**

*/s/ Randall W. Burton*
Randall W. Burton (TN Bar No. 15393)
Law Office of Randall Burton
1222 16th Avenue South, Suite 23
Nashville, TN 37212
615-620-5838
*randallwburton@gmail.com*

Roland Mumford (TN Bar No. 026495)
Attorney At Law
242 W. Main Street, No. 223
Hendersonville, TN 37075
615-348-0070
*roland@mumfordlaw.net*

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

  I certify that on December 20, 2021, the foregoing document was filed electronically with the Clerk of the Court using the court's CM/ECF system, which is expected to send notification of such filing to the following counsel of record:

Randall W. Burton, Esq.
Law Office of Randall Burton
1222 16th Avenue South, Suite 23
Nashville, TN 37212
615-620-5838
randallwburton@gmail.com

Roland Mumford, Esq.
Attorney At Law
242 W. Main Street, No. 223
Hendersonville, TN 37075
615-348-0070
roland@mumfordlaw.net

Robert E. Boston (TN Bar No. 009744)
Waller Lansden Dortch & David, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219-8966
615-244-6380
*bob.boston@wallerlaw.com*

Joseph M. Sokolowski (MN #0178366)
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402-1425
612-492-7714
*jsokolowski@fredlaw.com*

                */s/ Kristy Albrecht*
                Kristy Albrecht

73976694v1