# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into effective December ____, 2021, (the "Effective Date"), by and between Laurie Marlow ("Marlow") and Carolyn Howerton ("Howerton") (together "Plaintiffs") and Mid-South Maintenance of Tennessee, LLC ("Mid-South"), Gary Garrett, and Restaurant Equipment Maintenance Company, LLC ("REMCO") (together, "Defendants"). Each of the above parties are referred to herein individually a "Party" and cumulatively "the Parties."

**WHEREAS**, Howerton is a former employee of Mid-South and Marlow is a current employee of Mid-South;

**WHEREAS**, Marlow filed suit in the United States District Court for the Middle District of Tennessee, Mo. 3:20-cv-00711, alleging in her First Amended Complaint a collective action and violations of the Fair Labor Standards Act ("FLSA") against Defendants ("the Lawsuit");

**WHEREAS**, Howerton consented to join this Lawsuit, also alleging violations of the FLSA against Defendants;

**WHEREAS**, the Court ordered that the Lawsuit could not be conditionally certified as a collective action and the Lawsuit should proceed with Howerton and Marlow as individual plaintiffs ("Plaintiffs") in the Lawsuit;

**WHEREAS**, Defendants have denied, and continue to deny, Plaintiffs' allegations of wrongdoing in the Lawsuit, and affirmatively state that that Plaintiffs were properly paid for all wages due to them;

**WHEREAS**, the Parties agree to resolve and settle the Lawsuit and all actual and potential issues between them;

**NOW THEREFORE**, in consideration of the mutual agreements, covenants and warranties contained herein, which the Parties each acknowledge are sufficient consideration for this Agreement, the Parties agree as follows:

1. **Payment to Plaintiffs.** If Plaintiffs execute this Agreement and dismiss the Lawsuit, the Defendants agree to pay Plaintiffs in the gross amount of Fifty-Eight Thousand and no/100 Dollars ($58,000) (the "Settlement Payment), on or before the first Mid-South payroll date. This payment shall be made as follows:

    (a) One check designated as wages to Marlow in the gross amount of Twelve Thousand Nine Hundred and no/100 Dollars ($12,900), less withholding and deductions as required by law. Mid-South will issue a Form W2 for this payment to Marlow.

    (b) One Check designated as liquidated damages to Marlow in the amount of Twelve Thousand Nine Hundred and no/100 Dollars ($12,900). Mid-South will issue a Form 1099 for this payment to Marlow.

    (c) One check designated as wages to Howerton in the gross amount of Four Thousand Three Hundred and no/100 Dollars ($4,300), less withholding and deductions as required by law. Mid-South will issue a Form W2 for this payment to Howerton

**EXHIBIT 1**

(d) One check designated as liquidated damages to Howerton in the amount of Four Thousand Three Hundred and no/100 Dollars ($4,300). Mid-South will issue a Form 1099 for this payment to Howerton.

(e) One check designated as attorneys' fees to the Law Office of Randall Burton in the amount of Twenty Three Thousand Six Hundred and no/100 Dollars ($23,600). Mid-South will issue a Form 1099 for this payment to the Law Office of Randall Burton. Mid-South will also issue a Form 1099 to Marlow in the amount of Seventeen Thousand Seven Hundred and no/100 Dollar ($17,700) for this payment and to Howerton in the amount of Five Thousand Nine Hundred and no/Dollar ($5,900) for this payment.

Plaintiffs acknowledge that the consideration set forth in this Section 1 of this Agreement is sufficient consideration for this Agreement, and that they are not otherwise entitled to such consideration.

Federal income tax withholding shall be calculated on the aggregate method based upon each Plaintiff's W-4.

2. **Plaintiffs' Release of Claims and Dismissal of Lawsuit.** In consideration for the Settlement Payment, Plaintiffs agree to waive, release, discharge, and surrender, all claims, causes of action, rights, and demands arising out of any wage and hour issues under state or federal law, that were or could have been asserted in the Lawsuit, including any claim for wages, distributions, compensation, expenses, actual or compensatory damages, liquidated damages, attorney's fees, and costs, against the Released Parties. All claims, causes of action, rights, and demands are reserved to the extent they do not arise out of any wage and hour issues, including, but not limited to, claims arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 *et seq.*, and are not waived, released, discharged or surrendered.

The Released Parties, as used in this Agreement, shall mean Gary Garrett (in both his individual capacity and his official capacity at Mid-South), and Mid-South and REMCO, and all of their related, affiliated, predecessor entities (collectively, the "Entities") and the Entities' present and former owners, officers, directors, trustees, shareholders, employees, representatives, consultants, insurers, agents, and attorneys, and the successors and assigns of each, whether in their individual or official capacities, and the current and former trustees and administrators of any pension or other benefit plan applicable to the employees or former employees of the Entities, in their official and individual capacities.

Plaintiffs agree that they will promptly effect the voluntary dismissal of the Lawsuit.

3. **Nonadmission.** Nothing in this Agreement is to be construed as an admission by the Defendants of any liability or unlawful conduct by the Released Parties. The Defendants specifically deny any such liability or unlawful conduct whatsoever.

4. **Court Approval.** Within fourteen (14) days of the execution of this Agreement, Plaintiffs shall file a motion for approval of the terms of this Agreement. Defendants will consent to this motion, and the Parties will cooperate and take all necessary steps to effect final judicial approval of this

2

**EXHIBIT 1**

Agreement. The Parties expressly agree that the terms of this Agreement are the result of good faith, arms-length negotiation, and are fair and equitable.

5. **Medicare and Medicaid Representations.** Plaintiffs each affirm that they are not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to his employment at Core Corporation or Defendants) as of the date of this Agreement and no conditional payment has been made to or in his behalf by Medicare or Medicaid. Plaintiffs also each represent that they are not and have not been enrolled in a Medicare program through the date of this Agreement. Plaintiffs each further represent and warrant that no Medicaid payments have been made to or on behalf of Plaintiffs and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from their employment with Mid-South. They further agree that they, and not Defendants, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. Plaintiffs waive the right to sue the Released Parties (as defined in Section 2 herein) under Section §1395y(b)(3)(A) of the Medicare Secondary Payer Act for any failure of the Released Parties to provide for primary payment or appropriate reimbursement of any conditional payment.

6. **Full Resolution.** The Parties intend that this Agreement is a full resolution of all disputes between Plaintiffs and the Released Parties. Plaintiffs agree that the payments described in Section 1 of this Agreement are in full, final and complete settlement and satisfaction of any and all of Plaintiffs' actual or potential claims against the Released Parties, as defined in Section 2. Plaintiffs agree that they will not make any claim against any of the Released Parties for damages, attorneys' fees, costs, interest, or any other amounts or types of relief.

7. **Counterparts.** This Agreement may be executed in counterparts.

8. **Enforceability.** The Parties intend and agree that all terms in this Agreement are material. If a court or arbitrator finds any term of this Agreement to be invalid, unenforceable, or void, the Parties agree that the court or arbitrator shall modify such term to make it enforceable to the maximum extent possible. If the term cannot be modified, the Parties agree that the term shall be severed and all other terms of this Agreement shall remain in effect.

9. **Governing Law and Dispute Resolution.** This Agreement shall be governed and construed in accordance with the laws of the State of Tennessee. If the Parties have any dispute arising under this Agreement, they agree to first attempt informal negotiations to resolve the dispute. If that fails, they agree to binding arbitration. All arbitration costs shall be shared equally by the Parties.

10. **Assignment.** This Agreement may not be assigned by Plaintiffs. This Agreement shall inure to the benefit of Defendants and their successors and assigns.

11. **Full Agreement.** This Agreement contains the full agreement between Plaintiffs and the Defendants and may not be modified, altered, or changed in any way except by written agreement signed by all Parties. The Parties agree that this Agreement supersedes and terminates any and all other written and oral agreements and understandings between the Parties. Notwithstanding the foregoing, if Plaintiffs have previously signed an agreement or agreements with any Released Parties (as defined in Section 2 herein) containing arbitration, confidentiality, trade secret, noncompetition, non-solicitation, inventions,

and/or similar provisions, the Plaintiffs' obligations under such agreement(s) will continue in full force and effect according to their terms and will survive this Agreement.

By signing this agreement, Plaintiffs acknowledge that they have read, understand, and agree to the terms of this Settlement Agreement; that they have obtained advice from their attorney in this matter; that they are voluntarily and knowingly releasing any and all claims against the Released Parties; and that they intend this Settlement Agreement to be legally binding.

*(signature page follows)*

Dated: December 16, 2021

Laurie Marlow

_____ (signature) _____

Dated: December 16, 2021

Carolyn Howerton

_____ (signature) _____

Dated: December 16, 2021

Gary Garrett

_____ (signature) _____

Dated: December 16, 2021

Mid-South Maintenance of Tennessee, LLC

By: _____ (signature) _____
Its: Regional Vice President

Dated: December 16, 2021

Restaurant Equipment Maintenance Company, LLC

By: _____ (signature) _____
Its: Regional Vice President

73974174 v1